(No. 19336.—
The People *ex rel.* Fifteen Fifty North State Building Corporation, Petitioner, *vs.* Louis L. Emmerson, Secretary of State, Respondent.

*Opinion filed April 20, 1929.*

Winston, Strawn & Shaw, (John C. Slade, and Edward G. Ince, of counsel,) for petitioner.

Oscar E. Carlstrom, Attorney General, (B. L. Catron, of counsel,) for respondent.

Mr. Justice Farmer delivered the opinion of the court:

Upon leave granted, the relator, the Fifteen Fifty North State Building Corporation, filed in this court its original petition for a writ of *mandamus* against Louis L. Emmerson, Secretary of State, to compel him to file a verified statement of amendment of the articles of incorporation of the relator on payment of the legal fees fixed therefor, and also to issue to relator a certificate of such filing as in case of original incorporation, as provided by section 63 of the general Corporation act, enacted in 1919. (Smith's Stat. 1927, p. 708.)

The relator set forth in its petition for *mandamus* that it was incorporated during June, 1920, and has since continuously existed as a building corporation pursuant to the provisions of the general Corporation act; that it was thereby authorized to acquire, own, erect, lease or operate one building and the site therefor, described in its articles of incorporation as lots 1, 2, 3 and the north fifteen feet of lot 4 of a certain named subdivision in the city of Chicago; that the organization of the corporation was completed and the fee simple title to the property described in its articles was acquired; that a ten-story building designed for residence purposes was erected upon the property and has ever since been used exclusively by the ten stockholders of the corporation, each of whom has, with his family, occupied one apartment of the building under lease from the corporation; that after the corporation acquired the improved premises the several tenants ascertained the servants' quarters and service facilities were inadequate and that the building would have to be enlarged to remedy that condition; that the original ground area which the ten-story building then occupied was not large enough for the needed improvement, and the corporation's tenants purchased the balance of lot 4 and all of lot 5, being a strip of ground 35 feet in width and immediately adjacent to the property

then owned. The petition also shows that title to this property was taken in the name of certain trustees for the benefit of the stockholders of the corporation, and an addition to the ten-story building was constructed; that the building as remodeled or enlarged occupies the newly acquired 35-foot strip of ground as well as the lots described in the articles of incorporation; that the ten-story building and addition thereto constitute one building, and the ground or area upon which the building and addition stand constitutes the site thereof within the meaning of the general Corporation act; that at the time the statement of incorporation of relator was filed the site described therein was improved with a building worth not less than one-half of the actual cash value of such site, and the building as enlarged is, and at all times has been, worth not less than one-half the actual cash value of the site thereof; that at a special meeting of the corporation's stockholders held on October 8, 1928, an amendment to its articles of incorporation was adopted, whereby the corporation was authorized to acquire, own, erect, lease or operate only one building and the site therefor and for no other purpose, and its building site was described as lots 1, 2, 3, 4 and 5 of the same subdivision; that a statement in duplicate, properly verified by the president and attested by the secretary of the corporation, showing the adoption of such amendment, was tendered to the Secretary of State for filing in his office, together with the legal fees therefor, and demand was made that the Secretary file the statement and issue a certificate thereof, as provided in the general Corporation act; that at the time the statement was tendered relator was not in default under any law of the State applicable to corporations and was entitled to have the statement filed, and it was the duty of the Secretary of State to file said statement of amendment of its articles of incorporation and to issue a certificate thereof, but in violation of such duty the Secretary of State refused to file the amendment and to issue the certificate. A copy of the

articles of incorporation and the statement of amendment thereof were set out in relator's petition. A general demurrer to the petition was filed by respondent, stating that the facts alleged do not show sufficient ground for the relief asked.

Respondent's position is that the general Corporation act authorizes a building corporation to acquire, own, erect, lease or operate only one building and the site therefor, which must be specifically and definitely described; that after such power has been granted and exercised no right or authority is given to change or enlarge the power granted by amendment so as to acquire any other or different tract as a site for an addition to or enlargement of the original building and site therefor, but that such a change would involve a new or additional building and site therefor, contrary to the statute and the public policy of the State.

Section 3 of the general Corporation act of 1919 (Smith's Stat. 1927, p. 694,) provides that corporations may be organized for the following among other purposes: " 'Building corporations,' for acquiring, owning, erecting, leasing or operating only one building and the site therefor; and for no other purpose." Section 4 of the act specifies what a statement of incorporation shall contain, and paragraph 12 thereof states: "In the case of a building corporation, a specific and definite description of the site for such building." Section 78 of the act provides that unless the site described in the statement of incorporation, at the time the same is filed, is improved with a building worth not less than one-half of the actual value of the site, or is so improved within five years next thereafter, the corporation shall forfeit its right to erect such building, and shall dispose of such site within six months after such five-year period and shall cease its corporate existence. The foregoing sections of the statute appear to be the only provisions particularly relating to or in any way restricting building corporations. The act provides that the statement of in-

corporation of a building corporation shall contain a specific description of the proposed building site. Counsel agree that the charter issued to such a corporation limits the purpose of that corporation to the particular site described, and a change in the description of the site and an addition to the building, as in the instant case, is a change in the purpose for which the corporation was organized.

Sections 58 to 64 of the general Corporation act give to corporations organized under the act the right to amend their original articles of incorporation. There is no necessity for discussing the advisability or purpose of such authority granted by the legislature and long recognized by the courts. Section 59 of the act is as follows: "Whenever the board of directors may desire to amend the articles of incorporation by changing the name, location or place of business, number, par value or character, class or preference, of the shares of the capital stock, or so as to provide the right to issue preferred stock in series, or the purpose for which such corporation was formed, or by increasing or decreasing the capital stock, or by changing the shares from par value to no par value or from no par value to par value, or any combination thereof, or by extending the period of its corporate existence, or by increasing or decreasing the number of directors, they shall give notice of such desire in the notice of the annual meeting of the stockholders, or they may call a special meeting of the stockholders of such corporation for the purpose of submitting to a vote of the stockholders such amendment." It will thus be seen that a corporation is authorized by the act to do many things by amendment, among which are, to change its name, number of directors, place of business, as well as "the purpose for which such corporation was formed." Unless there are some express or implied prohibitive provisions particularly applicable to building corporations, (and none have been called to our attention,) it would seem they should be privileged to enjoy the power of amendment of corporations.

Under our statute as it now exists no building corporation can be organized to acquire, own, erect, lease or operate more than one building and the site therefor. Unquestionably no amendment can be made to the charter of a corporation authorizing it to do what it could not have been organized to do originally. The ten-story building as enlarged, and the necessary site therefor as increased by the after-acquired 35-foot strip of ground, never lost their original identity. The building and its addition, when completed, continued to be one building and the ground which it occupied continued to be the site therefor. Obviously, the enlarged building and its site could have been acquired, operated, etc., by a new building corporation organized for that particular purpose. No good and sufficient legal reason presents itself to us requiring relator's stockholders to dissolve the original corporation formed and thereafter to organize a new building corporation for the purpose of acquiring and operating the remodeled building and its enlarged site. The general limitation placed upon building corporations, of acquiring, operating, etc., "only one building and the site therefor," is not violated by an amendment adopted by the corporation's stockholders changing the description of the particular site which the corporation is authorized to acquire, because the charter of the corporation as amended continues to limit the corporation to one building and the site therefor.

We are of opinion the legislature had no intent whatever of depriving a building corporation of its right to amend its original articles of incorporation so long as such corporation continues within the statutory limitation of owning and holding only one building and the site therefor.

The writ is therefore awarded.  *Writ awarded.*